IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERETT JORDAN**                                                                                              **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:21-cv-11-KHJ-MTP**

**RON KING, ET AL.**                                                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(B). Having considered the record and applicable law and having conducted a *Spears* hearing,[1] the undersigned recommends that all of Plaintiff's claims against an unnamed responding officer be dismissed and that Plaintiff's claims for injunctive relief and demands that criminal charges be brought against other inmates be dismissed.

## BACKGROUND

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at Central Mississippi Correctional Facility ("CMCF"). Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

1

According to Plaintiff, two to three weeks after he arrived at CMCF in 2019, he noticed that his belongings had been disturbed and that certain belongings were missing. Plaintiff confronted another inmate about the missing items and instructed the inmate not to touch his belongings. At that point, multiple inmates unexpectedly attacked Plaintiff. The attack allegedly resulted in injuries to Plaintiff's back, jaw, and teeth.

Although Plaintiff could not see the tower officer or know what he/she did during the attack, Plaintiff alleges that the officer failed to properly respond to the attack. Plaintiff believes that the tower officer called for other officers during the attack, but did not attempt to physically stop the attack or verbally command the inmates to stop the attack.

According to Plaintiff, a female officer who responded to the attack laughed at him and instructed him to gather his belongings and go outside. Once outside, the female officer instructed Plaintiff and the inmates who attacked him to get into a truck. Plaintiff and the other inmates were taken to another location at the prison, where Plaintiff was loaded into a van and taken to the hospital. During the ride in the truck, neither Plaintiff nor the other inmates were restrained. Additionally, there were no officers in the back of the truck. The inmates allegedly threatened Plaintiff, but did not touch him. Plaintiff complains that they could have attacked him and that the responding officer created an unsafe situation.

In addition to the tower officer and responding officer, Plaintiff named Ron King (the supervisor of CMCF), James Fillyaw (the warden of CMCF), and Pelicia Hall (the commissioner of MDOC) as Defendant, alleging that they failed to provide sufficient staff at the prison. As relief, Plaintiff seeks $10,000,000 from each Defendant, an injunction requiring Defendants to operate CMCF properly, and criminal charges against the inmates who attacked him.

**STANDARD**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence

3

of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff's allegations implicate his constitutional rights under the Eighth Amendment, which "affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Concerning Plaintiff's claim against the responding officer, Plaintiff admits that he did not suffer any physical injury as a result of being placed in a truck with other inmates. "Absent a showing that other inmates harmed [plaintiff], there is no factual basis for a failure to protect claim." *Walzier v. McMullen*, 333 Fed. Appx. 848, 851 (5th Cir. 2009) (citing *Farmer*, 511 U.S. at 833; *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003)). The law is clear that "[n]o federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e). In the absence of any allegation of physical injury, Plaintiff has failed to allege facts which would support a claim for compensatory damages against the responding officer, and this claim should be dismissed. *See Jones*, 188 F.3d at 326; *Castellano v. Treno*, 79 Fed. Appx. 6, *7 (5th Cir. 2003).

Additionally, Plaintiff's requests for injunctive relief (the proper operation of CMCF) and that criminal charges be brought against his attackers should be dismissed. The transfer of an

inmate from an allegedly offending institution generally renders his claims for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Plaintiff has not alleged any facts showing that his request for injunctive relief concerns constitutional violations that are "capable of repetition yet evading review." *Id*. Thus, his transfer to a different prison rendered moot his claim for injunctive relief. *See Cooper v. Sheriff, Lubbock Co., TX*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Castellano*, 79 Fed. Appx. at *7. As for criminal charges, Plaintiff does not have a constitutional right to have anyone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Furthermore, this Court does not institute criminal prosecutions. *Bland v. Terrebonne Par. Crim. Just. Complex*, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. All of Plaintiff's claims against the unnamed responding officer be dismissed with prejudice for failure to state a claim.

2. Plaintiff's claims for injunctive relief be dismissed as moot.

3. Plaintiff's claim for relief in the form of criminal charges be dismissed with prejudice for failure to state a claim.

4. This action continue as to Plaintiff's claims for compensatory damages against Defendants Ron King, James Fillyaw, and the unnamed tower officer.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed

findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 25th day of May, 2022.

> s/ Michael T. Parker
> United States Magistrate Judge