UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERETT JORDAN                                                              PLAINTIFF

V.                                           CIVIL ACTION NO. 3:21-CV-11-KHJ-MTP

RON KING, ET AL.                                          DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Michael T. Parker. [28]. For the following reasons, the Court adopts this Report's findings and the Magistrate Judge's recommendation.

I.      Facts and Procedural History

This dispute arises from alleged events taking place while Plaintiff Jerett Jordon was an inmate at Central Mississippi Correctional Facility ("CMCF"). A few weeks after Jordan arrived at CMCF, he confronted another inmate about personal missing items. *Id.* at 2. Several inmates unexpectedly attacked Jordan, resulting in alleged injuries. *Id.* Although Jordan could not see or know what the tower officer was doing during the attack, he alleges that the officer failed to properly respond to the attack because he or she did not attempt to physically stop or orally command the inmates to stop the attack. *Id.*

After the attack, Jordan claims an unnamed female officer laughed at him and created an unsafe situation by transporting him and the other inmates who attacked him in the same truck without restraints or other officers present. *Id.* The

other inmates allegedly threatened Jordan but did not touch him. *Id.* Jordan sued Defendants Ron King, James Fillyaw, Pelicia Hall, John Doe Tower Officer, John Doe Responding Officers, and John Doe Correctional Officers, alleging that they failed to provide sufficient staff at CMCF. Compl. [1]. Jordan seeks $10,000,000 from each Defendant, an injunction requiring Defendants to properly operate CMCF, and criminal charges against the inmates who attacked him. [28] at 2.

The Magistrate Judge found that because Jordan admitted he suffered no physical injury as a result of being placed in the truck with other inmates, he failed to allege an Eighth Amendment failure to protect claim against the unnamed responding officer. *Id.* at 4. Likewise, the Magistrate Judge found that Jordan's request for injunctive relief was moot because he was transferred to another prison, and he does not have a constitutional right to have anyone criminally prosecuted. *Id.* at 5. Based on these findings, the Magistrate Judge recommends that the Court dismiss with prejudice Jordan's claims against the unnamed responding officer and for relief in the form of criminal charges. *Id.* at 5. Additionally, the Magistrate Judge recommends that the claim for injunctive relief be dismissed as moot. *Id.* Jordan timely objected to the Magistrate Judge's Report. [33].

II.     Standard

The Court reviews de novo the portions of the Magistrate Judge's Report to which Jordan objects, 28 U.S.C. § 636(b)(1), while the remaining portions can be subject to a "clearly erroneous, abuse of discretion[,] and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court,

however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406–07 (5th Cir. Unit B 1982)).

III. Analysis

Jordan first objects to the Magistrate Judge's finding that his claims against the unnamed responding officer should be dismissed. [33] at 1. Jordan argues that his Eighth Amendment rights were violated because "reasonable measures" for his safety were not taken when he was confined in a truck with the other inmates, all unrestrained and with no supervision. *Id.* Jordan also contends that an Eighth Amendment violation can occur from unsafe conditions of confinement even if no assault or injury has occurred. *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993)).

The Eighth Amendment requires officials to protect prisoners "against injury at the hands of other inmates." *Johnston v. Lucas*, 786 F.2d 1254, 1260 (5th Cir. 1986). "To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). But absent a "physical injury resulting from the prison officials' purported failure to protect," Jordan's failure to protect claim fails. *Jones v. Greninger*, 188 F.2d 322, 326 (5th Cir. 1991); *Walzier v. McMullen*, 333 F. App'x 848, 851 (5th Cir. 2009). Because no injury occurred during

3

transportation, the Court agrees with the Magistrate Judge's finding that Jordan's claim against the unnamed responding officer be dismissed for failure to state a claim. The Court adopts this finding from the Report.

Jordan next objects to the Magistrate Judge's finding that injunctive relief should be dismissed as moot. *Id.* at 2. He argues that there is a "reasonable expectation" that he would be transferred back to or reincarcerated at CMCF because Mississippi has a high recidivism rate and all prisoners entering or reentering the system must go through CMCF for processing. *Id.* (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

A prisoner's transfer from an offending prison to another prison generally renders a claim for injunctive relief moot. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F. App'x 1078, 1085 (5th Cir. 1991); *Castellano v. Treon*, 79 F. App'x 6, 8 (5th Cir. 2003). An exception to this general rule arises in cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Jordan's transfer from CMCF to a different prison renders his claim for injunctive relief moot, and he has alleged no facts showing that the exception applies. Accordingly, the Court agrees with the Magistrate Judge's finding that Jordan's claim for injunctive relief be dismissed as moot. The Court adopts this finding from the Report.

The Court also finds the remaining portions of the Report are not clearly erroneous or contrary to law. The Court therefore adopts the Magistrate Judge's recommendation that all of Jordan's claim against the unnamed responding officer

4

be dismissed and that Jordan's claims for injunctive relief and demands that criminal charges be brought against other inmates be dismissed.

IV. Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [28] of United States Magistrate Judge Michael T. Parker, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Plaintiff's claims against the unnamed responding officer be DISMISSED WITH PREJUDICE; Plaintiff's claims for injunctive relief be DISMISSED AS MOOT; and Plaintiff's claim for relief in the form of criminal charges be DISMISSED WITH PREJUDICE. Remaining are Plaintiff's claims for compensatory damages against Defendants Ron King, James Fillyaw, and the unnamed tower officer.

SO ORDERED, this the 6th day of July, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE