**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JERETT JORDAN**                                                                          **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:21-cv-11-KHJ-MTP**

**RON KING, ET AL.**                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [40] filed by Defendants Ron King, James Fillyaw, and Pelicia Hall and *sua sponte* for evaluating whether Plaintiff's claims against Defendant Adana Pierre[1] should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and the applicable law, the undersigned recommends that the Motion for Summary Judgment [40] be granted, that Plaintiff's claims against Defendant Adana Pierre be dismissed pursuant to § 1915(e)(2)(B)(ii), and that this action be dismissed with prejudice.

## BACKGROUND

Plaintiff Jerett Jordan is a post-conviction inmate incarcerated at the Marion County Regional Correctional Facility. On October 8, 2020, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983.[2] Plaintiff's claims arise from events which occurred while he was incarcerated at Central Mississippi Correctional Facility

---

[1] Plaintiff asserted his claims against an unnamed tower officer. Defendants have since identified the tower officer as Adana Pierre.

[2] Plaintiff filed this action in the Southern Division of this Court, but on January 6, 2021, the Court transferred it to the Northern Division. *See* Order [7].

("CMCF").  In his complaint and as clarified by his testimony at the *Spears* hearing,[3] Plaintiff alleges that Defendants violated his constitutional rights by failing to provide him adequate protection from harm.

According to Plaintiff, two to three weeks after he arrived at CMCF in 2019, he noticed that his belongings had been disturbed and that certain belongings were missing.  Plaintiff confronted another inmate about the missing items and demanded that the inmate not touch his belongings.  In response, multiple inmates attacked Plaintiff.  Plaintiff did not expect the attack. The attack allegedly resulted in injuries to Plaintiff's back, jaw, and teeth.

Although Plaintiff could not see the tower officer, Defendant Pierre, or know what she did during the attack, Plaintiff alleges that Pierre failed to properly respond to the attack. Plaintiff believes that Pierre called for other officers during the attack, but did not attempt to physically stop the attack or verbally command the inmates to stop the attack.

According to Plaintiff, a female officer who responded to the attack laughed at him and instructed him to gather his belongings and go outside.  Once outside, the female officer instructed Plaintiff and the inmates who attacked him to get into a truck.  Plaintiff and the other inmates were taken to another location at the prison, where Plaintiff was loaded into a van and taken to the hospital.  During the ride in the truck, neither Plaintiff nor the other inmates were restrained.  Additionally, there were no officers in the back of the truck.  The inmates allegedly threatened Plaintiff, but did not touch him.  Plaintiff complains that they could have attacked him and that the responding officer created an unsafe situation.

---

[3] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. Appx. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Defendant Ron King was the supervisor of CMCF and Defendant James Fillyaw was the warden of CMCF at the time of the alleged attack. According to Plaintiff, these Defendants allowed deficiencies at the prison. They allegedly failed to provide sufficient staffing and staff training[4] and failed to protect Plaintiff from inmate violence. Plaintiff did not speak with these Defendants and does not know if they have any personal knowledge concerning Plaintiff's attack. Pelicia Hall was the MDOC Commissioner. According to Plaintiff, Hall was aware of the insufficient staffing and inmate violence at CMCF.

As relief, Plaintiff seeks $10,000,000 from each Defendant, an injunction requiring Defendants to operate CMCF properly, and that criminal charges be brought against the inmates who attacked him.

On July 6, 2022, the Court dismissed Plaintiff's claims against the unnamed responding officer for failure to state a claim because no injury occurred during Plaintiff's transportation. *See* Order [37]. The Court also dismissed Plaintiff's claims for injunctive relief because he was transferred to another prison and does not have a constitutional right to have anyone criminally prosecuted. *Id*. Thus, only Plaintiff's claims for compensatory damages against Defendants King, Fillyaw, Hall, and Pierre remain at issue.

### DISCUSSION

**Defendants Ron King, James Fillyaw, and Pelicia Hall**

On August 15, 2022, Defendants King, Fillyaw, and Hall filed a Motion for Summary Judgment [40]. In support of their Motion [40], Defendants submitted a transcript of the *Spears* hearing, Plaintiff's grievances, and a report of the subject incident prepared by Officer Diamond

---

[4] During the *Spears* hearing, Plaintiff did not mention that Defendants King, Fillyaw, and Hall failed to properly train staff, but shortly after the hearing, he filed a Letter [31] with the Court explaining that he intended to allege that these Defendants failed to properly train staff.

McKee.  According to the incident report, at approximately 8:05 p.m. on July 31, 2019,

Defendant Pierre alerted officers of an attack involving Plaintiff, and at approximately 8:10 p.m.,

an officer entered the zone and removed Plaintiff. *See* [40-2].  Later, other officers, including

Defendant Pierre, escorted the attackers out of the zone. *Id*.

Plaintiff did not file a response to the Motion for Summary Judgment [40].  Instead, on

September 16, 2022, Plaintiff filed a Notice of Appeal [49], seeking to challenge on appeal the

Court's dismissal of his claims against the unnamed responding officer.  Noting that this Court

retains jurisdiction to consider the Motion for Summary Judgment [40] because Plaintiff is

seeking to appeal non-appealable, interlocutory orders, the Court entered an Order [61] on

December 6, 2022, directing Plaintiff to file a response to the Motion [40] on or before

December 20, 2022.  Plaintiff did not file a response as ordered.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of

production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an

absence of evidentiary support in the record for the nonmovant's case."  *Cuadra v. Houston*

*Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks

omitted).  The nonmovant must then "come forward with specific facts showing that there is a

genuine issue for trial."  *Id.*  "An issue is material if its resolution could affect the outcome of the

action."  *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir.

2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue

is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the

nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). However, not every injury suffered by one prisoner at the hands of another amounts to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834. To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Farmer*, 511 U.S. at 837.  Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

It is well-settled that § 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).  "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klien*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).  Here, Plaintiff has failed to allege, much less show, that Defendants King, Fillyaw, or Hall had any actual knowledge of the danger Plaintiff's attackers posed to Plaintiff.  Plaintiff admits that he had no prior altercations with his attackers and that he did not expect the attack.  Thus, any attempt to hold these Defendants "liable for a personal failure to protect [Plaintiff] would fail." *See Walker v. Upshaw*, 515 Fed. Appx. 334, 339 (5th Cir. 2013) (citing *Farmer*, 511 U.S. at 837).

Plaintiff, however, asserts that these Defendants failed to provide sufficient staffing and staff training.  "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  To succeed on a failure to train or supervise claim, a plaintiff must show "(1) the supervisor either failed to supervise or train the subordinate official; (2) a casual link exists between the failure to train or supervise and violation

6

of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

"[C]ulpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "[A] showing of deliberate indifference requires that the Plaintiffs show that the failure to train reflects a deliberate or conscious choice to endanger constitutional rights." *Estate of Davis*, 406 F.3d at 383. "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). "The plaintiff must generally demonstrate at least a pattern of similar violations[5] . . . [and] the inadequacy of training must be obvious and obviously likely to result in a constitutional violation." *Id*. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 131 S.Ct. at 1360.

Plaintiff has failed to present any evidence demonstrating that Defendants failed to properly train their employees. Plaintiff points to no specific training deficiency and makes no attempt to show a pattern of employees failing to protect inmates. Accordingly, Plaintiff's claims against Defendants King, Fillyaw, and Hall based on their alleged failure to train should be dismissed.

---

[5] In a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference, but Plaintiff's claims fall short of the hypothetical offered by the Supreme Court in *Canton v. Harris*, 489 U.S. 378 (1989) and are insufficient to form the basis for single-incident liability

Likewise, Plaintiff's claims against these Defendants based on their failure to properly staff CMCF should be dismissed.  Plaintiff must demonstrate that Defendants' staffing policy "itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304.  Plaintiff must show Defendants implemented a policy of understaffing; Defendants were aware that understaffing produced a substantial risk of harm to inmate safety; Defendants failed to take reasonable, available steps in an attempt to rectify the problem; and the understaffing resulted in Plaintiff's injuries. *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379 (5th Cir. 2008).

Plaintiff's general and conclusory allegations of inadequate staffing cannot support his § 1983 claims.  Plaintiff may not rest on the allegations of his pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in his favor. *Celotex*, 477 U.S. at 322.  Plaintiff did not file a response to the Motion for Summary Judgment [40] and has otherwise failed to demonstrate that Defendants implemented a policy of inadequately staffing the prison or that Defendants were deliberately indifferent in making, or failing to make, a policy concerning staffing levels. *See Morgan v. Cabana*, 2009 WL 1066294 (S.D. Miss. April 21, 2009) (general allegations that defendant officials failed to protect the plaintiff because the jail was overcrowded and understaffed, creating conditions that made an attack by inmates more likely, did not state a constitutional claim for deliberate indifference to the plaintiff's safety); *Humphrey v. Hall*, 2022 WL 902741, at *9-10 (S.D. Miss. Mar. 28, 2022) ("Plaintiff has not directed the Court to any competent evidence tending to show that additional funding or staffing was possible, or that [defendant] deliberately disregarded the understaffing issue and exhibited

deliberate indifference in making, or failing to make, a policy in that respect.").  Accordingly,

Plaintiff claims against Defendants King, Fillyaw, and Hall should be dismissed.[6]

Although Defendants raised the defense of qualified immunity, "if it becomes evident

that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to

dismissal on that basis." *Well v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (*citing Siegert v. Gilley*,

500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999).

Because Plaintiff has failed to establish cognizable constitutional claims, the Court need not

address the issue of whether Defendants are entitled to qualified immunity.

**Defendant Adana Pierre**

Defendant Pierre did not move for summary judgment, but Plaintiff's claim against her

should nevertheless be dismissed for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner

proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if

the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---

[6] To the extent Plaintiff has asserted claims against Defendants in their official capacity, these claims should also be dismissed.  Plaintiff has failed to demonstrate that any official policy or custom was the "moving force" behind an alleged deprivation of Plaintiff's constitutional rights. *Oliver*, 276 F.3d at 742; *Thompkins*, 828 F.2d at 303; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  Evidence of understaffing, without more, is not proof of official policy. *Hood v. Itawamba*, 819 F.Supp. 556, 566 (N.D. Miss. 1993); *Jones v. Allen Parish*, 2008 WL 762077, at *3 (W.D. La. Mar. 20, 2008).  Evidence of understaffing would become evidence of an official policy if more complete funding and staffing were possible and it was the deliberate intent of the policymaker not to adequately staff the prison. *Gagne v. City of Galveston*, 671 F.Supp. 1130, 1135 (S.D. Tex. 1987).  Plaintiff has failed to demonstrate that Defendants implemented a policy of inadequately staffing the prison despite the availability of resources to adequately staff the prison.  Moreover, Plaintiff has failed to establish an underlying constitutional violation.

who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Plaintiff alleges that Defendant Pierre, who was the tower officer at the time of the attack, failed to properly respond to the attack.  According to Plaintiff, Pierre should have physically intervened in the attack and commanded the attackers to stop.  An officer's "failure to take reasonable measures to protect an inmate from excessive force can give rise to § 1983 liability."

*Carrothers v. Kelly*, 312 Fed. Appx. 600, 602 (5th Cir. 2009).  However, "no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." *Longoria*, 473 F.3d at 594.  "The case law consistently holds that deliberate indifference does not exist in situations where officers have taken some steps to halt the violence . . . ." *Coleman v. LeBlanc*, 2020 WL 4679545, at *5 (M.D. La. July 28, 2020).

Here, Plaintiff does not allege that Pierre was aware that Plaintiff's attacker posed a threat prior to the attack nor does Plaintiff allege that Pierre failed to take any action to halt the attack.  He admits that he believes Pierre called for other officers once she saw the attack.  He does not allege that Pierre could have physically intervened in the attack without endangering herself.  Accepting Plaintiff's allegations as true, Pierre's response to the attack was reasonable and does not amount to deliberate indifference. *See Rios v. Scott*, 100 Fed. Appx. 270, 272 (5th Cir. 2004) (recognizing that an officer "may need to call for backup or seek to avoid her own serious injury"); *Carrothers*, 312 Fed. Appx. at 602 (holding that an officer's "decision to leave the tier to obtain assistance was not unreasonable"); *Arenas v. Calhoun*, 922 F.3d 616, 621 (5th Cir. 2019) (holding that where entering a dormitory alone could have jeopardized the officer's safety, the officer was not deliberately indifferent waiting for support, which took roughly five minutes); *Grant v. Washington Cnty*, 2020 WL 5834415, at *5 (N.D. Miss. Sept. 30, 2020) (holding that officer's responses of investigating and calling for help upon learning of an attack were "eminently reasonable and preclude a finding of deliberate indifference").  Accordingly, Plaintiff has failed to state a claim against Defendant Pierre.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. The Motion for Summary Judgment [40] be GRANTED;

2. Plaintiff's claims against Defendants Ron King, James Fillyaw, and Pelicia Hall be dismissed with prejudice;

3. Plaintiff's claims against Defendant Adana Pierre be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 4th day of January, 2023.

s/ Michael T. Parker
United States Magistrate Judge